**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| STEVEN C., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:20-CV-471-JVB |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Steven C. seeks judicial review of the Social Security Commissioner's decision denying his application for supplemental security income and asks this Court to reverse that decision and remand this matter. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's March 6, 2018 application for benefits, he alleged that he became disabled on February 15, 2018. After a March 28, 2019 hearing, the Administrative Law Judge (ALJ) issued her decision on March 31, 2020, and found that Plaintiff suffered from the severe impairments of immunoglobulin G deficiency, chronic obstructive pulmonary disease (COPD), lumbar and cervical degenerative disc disease, bilateral lower extremity venous insufficiency, major depressive disorder, anxiety disorders with agoraphobia, post-traumatic stress disorder (PTSD), and bipolar I. (AR 14). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

the residual functional capacity [RFC] to perform sedentary work as defined in 20 CFR 416.967(a) except he can never climb ladders, ropes, or scaffolds, kneel or crawl. He can occasionally balance, stoop, crouch, and climb ramps and stairs. He

can have occasional exposure to extreme cold, extreme heat, humidity, or to pulmonary irritants such as fumes, noxious odors, dusts, mists, gases, and poorly ventilated areas. He is able to understand, remember and carry out work that consists of no more than simple and routine tasks. He requires a work environment free of fast-paced or timed piece-rate production work, but can meet end of day goals. He can perform routine judgment, defined as being able to make simple work-related decisions and can tolerate simple workplace changes. He can tolerate brief and superficial interaction with the public, meaning no more involved interaction than answering discrete questions such as the location of an item in the store. He can tolerate occasional interaction with co-workers and no tandem tasks or teamwork, where one production step is dependent on a prior step.

(AR 17-18). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform his past relevant work but was able to perform the representative occupations of document preparer, tube operator, and table worker. (AR 25). Accordingly, the ALJ found Plaintiff to be not disabled from March 6, 2018, through March 31, 2020, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error in determining Plaintiff's mental limitations and in weighing the opinion of Plaintiff's treating psychologist.

### A. Mental Limitations

The ALJ found the opinions of the state agency psychologists to be "generally persuasive," though the ALJ ultimately found that Plaintiff "is slightly more limited than opined by these consultants." (AR 22). The ALJ made no indication that she was in any respect finding Plaintiff to be less limited than opined by the state agency psychologists.

Among the various matters in the state agency psychologists' opinions, they opined that Plaintiff has moderate limitations in the "checklist" items of (1) the ability to maintain attention and concentration for extended periods and (2) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 108-09; 129-30). These limitations relate to Plaintiff's sustained concentration and persistence abilities. *See id.* The state agency psychologists explained, in narrative form, that:

> The evidence suggests that claimant can understand, remember, and carry out detailed, but not complex tasks. The claimant can relate on a superficial and ongoing basis with co-workers and supervisors. The claimant can attend to tasks for a sufficient period to complete tasks. The claimant can manage the stresses involved with detailed work-related tasks.

(AR 109-10, 130).

Where the ALJ's RFC finding differs from the psychologists' narrative opinions regarding matters of sustained concentration and persistence, the RFC is more restrictive. The RFC allows only simple and routine tasks, (AR 17), but the psychologists' opined that even detailed tasks were within Plaintiff's abilities, (AR 109-10; 130). The ALJ placed a restriction on fast-paced or timed piece-rate production, tandem tasks, and teamwork, (AR 17-18), a matter on which the psychologists are silent.

However, when asking questions to a vocational expert (VE), an ALJ "must explicitly account for all a claimant's limitations in her hypothetical, including limitations in concentration, persistence, or pace, unless the vocational expert has independently reviewed the medical record." *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019) (citing *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018); *Lanigan v. Berryhill*, 865 F.3d 558, 563, 565 (7th Cir. 2017)). An ALJ who finds moderate limitations in concentration, persistence, and pace must account for those limitations in the RFC and the hypothetical questions to the VE. *See id.*

The Seventh Circuit Court of Appeals has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Id.* at 676 (quoting *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014)). In *DeCamp*, the appeals court held that the moderate limitation in concentration persistence and pace was not accounted for in an RFC and the resulting hypothetical to the vocational expert that described and individual who was, among other matters,

> limited to unskilled work involving [Specific Vocational Preparation ("SVP") ]: 2 or less; no fast paced production line or tandem tasks; few if any changes in the work setting, meaning that the work place and tasks change no more than occasionally and only one or two times per month at most; no more than occasional

4

interaction with coworkers, supervisors, and the public; she may be off task or off pace up to 10 percent of the work day in addition to regular breaks.

916 F.3d at 674. Here, the ALJ found that Plaintiff's RFC included (as is relevant):

He is able to understand, remember and carry out work that consists of no more than simple and routine tasks. He requires a work environment free of fast-paced or timed piece-rate production work, but can meet end of day goals. He can perform routine judgment, defined as being able to make simple work-related decisions and can tolerate simple workplace changes. . . .He can tolerate . . . no tandem tasks or teamwork, where one production step is dependent on a prior step.

(AR 17-18). Further, in *DeCamp* the narrative explanation from a reviewing psychologist elaborated that DeCamp "may have some difficulty with concentration and persistence at times but she is able to meet the demands of basic unskilled work." 916 F.3d at 673. Here, the reviewing psychologists included in their narrative explanation that "The evidence suggests that claimant can understand, remember, and carry out detailed, but not complex tasks. . . . The claimant can attend to tasks for a sufficient period to complete tasks." (AR 109-10, 130). There is considerable similarity between *DeCamp* and the present case.

Further, the *DeCamp* court faulted the ALJ for not addressing the specific "checklist" limitations opined to in an opinion the ALJ used to support her finding.[1] *DeCamp*, 916 F.3d at 675. For example, the *DeCamp* court held that the ALJ omitted any mention of the moderate limitation in the ability to maintain attention and concentration for extended periods, *id.* at 675-76; the same moderate limitation was found here for Plaintiff. As in *DeCamp*, the ALJ did not address this matter here.

The Court must follow the caselaw of *DeCamp*, which is precedential authority here. The Court sees no basis on which to meaningfully differentiate *DeCamp* from the circumstances

---

[1] The Court acknowledges that the Social Security Administration's Program Operations Manual System states that the agency physician's findings are only the narrative portion. *See* Soc. Sec. Admin. Program Operations Manual Sys. ("POMS") § DI 24510.060(B)(2), (B)(4)(b) (July 2, 2018) ("Section I is merely a worksheet . . . and does not constitute the RFC assessment."). However, the Court is obliged to follow the precedent of the Seventh Circuit Court of Appeals.

presented in this case. Since the ALJ erred in *DeCamp*, the Court must find that the ALJ erred here.

Plaintiff also identifies that the psychologists found Plaintiff only capable of tolerating "superficial and ongoing" interactions with his coworkers and supervisors where the ALJ found Plaintiff capable of "occasional" interactions with coworkers. The ALJ found a more restrictive *duration* of interactions but a less restrictive *depth* of interactions. The ALJ specifically noted the opinions that Plaintiff "can relate on a superficial and ongoing basis with co-workers and supervisors" and stated that she "finds the claimant is slightly more limited than opined by these consultants," but dropped the superficiality qualification on the interactions and did not address interactions with supervisors at all. (AR 17-18, 22). The ALJ has not explained—or even acknowledged—her decision to find Plaintiff less limited than the state agency psychologists regarding the depth of interactions he can sustain with coworkers and supervisors. There is no logical bridge here and no way for the Court to provide meaningful review. Remand is required on this basis as well.

### B. Treating Psychologist Dr. La France

When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c. "Supportability" considers to what extent an opinion is based on objective medical evidence and supporting explanations. 20 C.F.R. § 404.1520c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. § 404.1520c(c)(2).

Dr. La France, who had a treating relationship with Plaintiff, opined that Plaintiff would be unable to meet competitive standards in maintaining regular attendance and punctuality,

completing a normal workday, performing at a consistent pace, getting along with coworkers and peers, dealing with normal work stress, and interacting appropriately with the public. (AR 1160-62). She also opined that he would be limited in his ability to maintain attention for two-hour segments, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being unduly distracting, accept instruction and respond appropriately to criticism from supervisors, be aware of normal hazards and take appropriate precaution, understand and remember detailed instructions, carry out detailed instructions, maintain socially appropriate behavior, and travel in an unfamiliar place. (AR 1161-62).

Due to the ALJ's errors already cited, full analysis on this matter is not in the interest of judicial economy. On remand, the Commissioner is reminded that she is not permitted to selectively cherry-pick the evidence and lines of evidence in the record that do not support her conclusions.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief, **REVERSES** the final decision of the Acting Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on September 1, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT